BARHAM, J.,
is of the opinion the writ should not be granted. We interrupt the orderly procedure of the trial court and make an order on admissibility of evidence with nothing before us but a minute entry of the trial court’s adverse ruling. The trial court had all of the circumstances, facts and evidence before it and was competent to rule. The trial judge has weighed the probative value and the prejudicial effect. He is by law preferred as the instrument for control of the evidence before a trial jury. He has ruled. We should not review and especially not reverse that ruling until final judgment if there is a conviction.
DIXON, J.
We are wrong to interrupt the orderly procedure of the trial court to review a ruling on the admissibility of evidence, especially evidence which is not critical to the State’s case.
In my opinion there has been no demonstration that the ruling of the trial judge was incorrect. He ruled that the statements were irrelevant and immaterial “at this time.” Presumably, the state’s offering will only show that defendant is a liar, and such evidence of bad character would be inadmissible at this time. The judge indicated that the statements might become admissible later. I vote to deny.